

# The Attorney General of Texas

July 9, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Douglass Hubbard
Executive Director
The Admiral Nimitz Center
Fredericksburg, Texas 78624

Opinion No. MW-208

Re: Whether a private foundation may purchase insurance covering a state facility

Dear Mr. Hubbard:

The Nimitz Steamboat Hotel in Fredericksburg is an historic building restored to its original appearance with funds donated by the Admiral Nimitz Foundation, a private, non-profit corporation. The structure is the property of the State of Texas and in its restored condition is a major unit of the Admiral Nimitz Center administered by the Fleet Admiral Chester W. Nimitz Memorial Naval Museum Commission. See Acts 1969, 61st Leg., ch. 8 at 19; Attorney General Opinion H-744 (1975). The restoration was accomplished with donated money after the legislature failed to appropriate funds for that purpose.

You wish to know if the private foundation may legally purchase fire insurance covering the hotel. The answer depends on whether its interest therein is insurable. A fire insurance policy issued to one without an insurable interest in the subject matter is unenforceable on grounds of public policy. See Hartford Fire Insurance Co. v. Evans, 255 S.W. 487 (Tex. Civ. App. – Amarillo 1923, no writ).

It is not always necessary to prove title in an insured in order to prove an insurable interest in the property. In Smith v. Eagle Star Insurance Co., 370 S.W. 2d 448 (Tex. 1963), the Texas Supreme Court concluded that an insurable interest in a house located on state land existed in a woman who used the house as though it were her own. The court approved the rule that an insurable interest exists when the assured derives pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain pecuniary loss from its destruction, and it quoted a textual source for the following:

> 'An insurable interest in property does not necessarily imply a property interest in, or a lien upon, or possession of, the subject matter of the insurance, and neither the title nor a beneficial interest is requisite to the existence of such an interest; it is sufficient that the insured is so situated with reference to the property that he would be liable to loss should it be injured or destroyed by the peril against which it is insured.'

See 43 Am. Jur. 2d, Insurance §466 at 508. In Texas, a finding of pecuniary loss is not necessary to show an insurable interest if there is proof of a pecuniary benefit or advantage in the preservation and continued existence of the property. First Preferred Ins. Co. v. Bell, 587 S.W. 798 (Tex. Civ. App. - Amarillo 1979, writ ref'd n.r.e.).

We conclude that an insurable interest in the hotel exists in the foundation. The articles of incorporation for the corporation state:

> The foundation shall have as its principal... objective the support of the Fleet Admiral Chester W. Nimitz Memorial Naval Museum in Fredericksburg, an agency of the State of Texas operating under the Fleet Admiral Chester W. Nimitz Memorial Naval Museum Commission.

> To accomplish these objectives the corporation will ... assist in restoring and maintaining the famous Nimitz Hotel as a part of the museum and visitor center. . . .

The corporation has invested a considerable sum in the hotel, routing its donations through the state treasury. The sums donated are earmarked by the foundation donor for particular expenditures, for which purchase vouchers payable to the appropriate vendors are then issued by the comptroller.

Should the hotel or its contents be damaged or destroyed, the corporation would not only lose the benefit of its previous investments, but in order to accomplish its corporate purposes would be faced with the task of restoring the building and articles destroyed or damaged, whether they had been previously purchased with money donated by it or not.

It is our opinion that under such circumstances the Admiral Nimitz Foundation may legally purchase fire insurance covering the Nimitz Steamboat Hotel and its contents.

## SUMMARY

> The Admiral Nimitz Foundation has an insurable interest in the Nimitz Steamboat Hotel in Fredericksburg, a state-owned structure, and may legally purchase fire insurance covering the hotel and its contents.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Carla Cox
Susan Garrison
Rick Gilpin
Bruce Youngblood